(No. 14547.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE L. FISHER, Plaintiff in Error.

*Opinion filed June 21, 1922—Rehearing denied October 5, 1922.*

1. CRIMINAL LAW—*when a new trial will not be granted for newly discovered evidence.* A new trial will be granted for newly discovered evidence where diligence is observed and the evidence sought to be had on the new trial is new matter not conflicting with the rule concerning cumulative evidence and is such as to strengthen the conviction that justice has not been done, but a new trial will not be granted to secure the attendance of witnesses whose testimony was known to the defendant but whose attendance at the trial he made no effort to secure by motion for continuance or otherwise.

2. SAME—*when instructions upon circumstantial evidence are proper.* Where the defense is an alibi, the whereabouts of the defendant and his presence in the vicinity where and at the time when the crime was committed are circumstances which the jury has a right to consider, and instructions concerning circumstantial evidence are proper.

3. SAME—*conviction may be sustained although but one witness identifies the defendant.* Where the defense in a trial for robbery is an alibi the weight of the evidence to identify the defendant is a question for the jury, and, although but one witness positively identifies the accused, the Supreme Court will not reverse the judgment unless the record raises a reasonable doubt as to his guilt.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

JOHN F. TYRRELL, (RICHARD I. GAVIN, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, CLYDE C. FISHER, and ALVA L. BATES, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, George L. Fisher, with Harry Sollick, was indicted in the criminal court of Cook county for the robbery, with a gun, of certain diamonds and property from LeRoy Present, of the value of $242,000. Separate trials were allowed, and on trial of the case against Fisher he was found guilty and sentenced to the penitentiary. The cause is brought here for review.

It is contended that the evidence does not support the verdict; that the court erred in not granting a new trial; that the court erred in its remarks in the presence of the jury and in permitting prejudicial questions to be asked, and in the admission of testimony.

The People's evidence shows that on April 22, 1921, at about 9:30 A. M., while the complaining witness, Present, was displaying a quantity of diamonds in the private office of Julius Reingold, in the city of Chicago, plaintiff in error entered the room and with a gun in his hand ordered Present to put up his hands. Present testified that he complied with this order and was told to turn his face toward the outside window; that about half a minute later a second man came in and covered Reingold and Present with a gun; that the plaintiff in error took the wallet with the diamonds, which were not mounted but were in paper packages, and Present and Reingold were tied and a handkerchief was placed over the mouth of Present; that neither of these men was blindfolded and that the assailants did not wear masks; that the value of the goods taken amounted to about $242,000. Present, in his testimony, very positively identified plaintiff in error as being the man who came in and ordered him to hold up his hands. The testimony also shows that he identified him in Cincinnati, where Fisher had been arrested and was being held on a warrant sworn out by Present in the city of Chicago. After release from the ropes with which he and Reingold were tied, Present

called the police and gave them a description of Fisher and Sollick. John M. Connely, a police officer of the city of Chicago, testified that he went to Cincinnati on September 16, 1921, to bring back plaintiff in error; that he met Present in that city, and that he was at the police station in Cincinnati when Present appeared there with his attorney; that at that time there were four or five prisoners in the open part of the jail and that Present identified Fisher as being the man who had held him up. Present's attorney, A. B. Scolink, corroborates Connely in this particular. The State's evidence also shows that plaintiff in error and his wife were registered at the Lexington Hotel, in the city of Chicago, from the morning of April 14, 1921, until the evening of April 23, 1921, when the hotel record shows them as having been checked out. While Reingold stated that he could not identify Fisher as one of the robbers, his other testimony concerning the robbery was substantially the same as that of Present.

The defense was an alibi. In support of this defense plaintiff in error offered the testimony of M. J. Prasch, who testified that he lived in Detroit, Michigan, and that he met Fisher in Detroit on the afternoon of April 21; that he saw him buying a ticket at the Michigan Central depot that evening but that he did not know where he went from Detroit. Plaintiff in error claimed that he was in Cleveland, Ohio, on the 22d of April and not in Chicago at that time. In rebuttal of this testimony the State called A. J. Graham, a hotel clerk of the Winton Hotel, in Cleveland, where the plaintiff in error said he stayed while in Cleveland. This witness testified that plaintiff in error registered there about three o'clock on the morning of the 23d of April. There is nothing in the record other than the testimony of plaintiff in error which rebuts the possibility of his being in Chicago at 9:30 A. M. on April 22.

Plaintiff in error during the trial introduced evidence to show that he had tried to secure the presence of two wit-

nesses, one named Ginsberg and the other named Buckley, from Cleveland, by whom, it was contended, he would show that he was in Cleveland on the morning of April 22. The record, however, discloses no motion for continuance on his part or offer of affidavit in support thereof. The record does show that an assistant to counsel for plaintiff in error had interviewed these witnesses a number of days prior to the trial, and it is evident that counsel for plaintiff in error knew what they would testify to. A new trial was sought on the ground that these witnesses would show conclusively that the plaintiff in error was not in Chicago on the day of the robbery, and a new trial was asked in order that they might appear. The rule is, that where diligence is observed and the evidence sought to be introduced on a new trial is new matter not conflicting with the rule concerning cumulative evidence, and is such as to strengthen the conviction that justice has not been done, a new trial shall be granted. (*People* v. *Heinen,* 300 Ill. 498.) We cannot hold in this case that due diligence was exercised. As we have said, no motion for continuance by reason of the failure of these witnesses to appear was presented nor any affidavit as to what they would testify, and by reason of the fact that plaintiff in error knew what their testimony would be it cannot be said that their testimony was newly discovered evidence. It was not error to refuse a new trial on that ground.

The record does not disclose objections at the time of the trial to the remarks of the court in the presence of the jury, nor do we, on reading the record, find these remarks objectionable.

While not assigned as error, it is alleged in argument that the court erred in instructing the jury concerning circumstantial evidence, on the ground that there was no circumstantial evidence in the record in this case. This contention cannot be sustained. Testimony concerning the whereabouts of plaintiff in error and his presence in the

city of Chicago near the time of the robbery are circumstances which the jury had a right to consider. There was no error in giving the instruction.

It is most earnestly urged that since Reingold failed to identify plaintiff in error, the identification by Present, though positive in character, is not sufficient to sustain the verdict of the jury. This is a question going simply to the weight of the evidence. It has long been the rule in this State that it is the province of the jury to determine the weight of the evidence, and the fact that but one eyewitness to a crime may testify, is not, of itself, sufficient to set aside a verdict of guilty. In *People* v. *Maciejewski,* 294 Ill. 390, it was held, even though the identification of the plaintiff in error by one witness for the State was not positive, such testimony was competent. In *People* v. *Jennings,* 252 Ill. 534, the rule in regard to the competency and weight of identification testimony was discussed, and it was held that the weight to be given to such testimony is a question for the jury. It is well settled in this State that this court will not disturb the verdict of a jury in the absence of a conviction that the record raises a reasonable doubt as to the guilt of the accused. In the instant case, Present, who positively identified plaintiff in error, had an unobstructed view of him in the same room at a distance of about five feet. According to his testimony it was at 9:30 in the morning. It was raining at the time, but there was a window which opened out of the office in which the robbery occurred. He testified that he saw the plaintiff in error when he pointed the gun at him, saw him when he tied him up, saw him when he took the diamonds, and saw him go out of the office with them. He stated that there is no question in his mind as to the identification of the plaintiff in error. His testimony, together with that of the police officer, Connely, is, as we have seen, that he positively identified plaintiff in error when the latter was in a

room in the jail in the city of Cincinnati, in the presence of several other inmates.

We are of the opinion that the jury were justified in finding the defendant guilty on this record and that it contains no reversible error. The judgment will therefore be affirmed.

*Judgment affirmed.*